UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| DENNIS LIGON, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No: 06 C 5862 |
| EDDIE JONES, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner, Dennis Ligon, proceeding *pro se*, has filed a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2254. In this Petition, Petitioner raises four issues: (1) whether the State of Illinois failed to prove beyond a reasonable doubt that Petitioner committed the offense while armed with a dangerous weapon other than a firearm; (2) whether there was fatal variance between the indictment and the evidence adduced at trial, in terms of what weapon was used in the offense; (3) whether Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel; and (4) whether the State of Illinois deprived the Petitioner of a fair trial by vouching for a witness's credibility, characterizing Petitioner's defense counsel as "ridiculous," "sad," and "pathetic," and by denigrating the reasonable-doubt standard during closing argument.

## BACKGROUND

Petitioner was charged with aggravated vehicular hijacking. At trial, the victim, Ana Diaz, testified as to the facts of the crime as follows: Diaz drove her red Ford 150 pickup truck into the Sears parking lot at 6153 South Western Avenue in Chicago. As she was looking for a parking space, Diaz noticed Petitioner standing near a pile of snow. Diaz parked and was

getting out of her truck when she was approached from behind by Petitioner, who blocked her into her truck and told her to leave the keys in the ignition and to get out. Diaz felt Petitioner pushing something into her ribs. When she heard a click, Diaz looked down and saw a gun in Petitioner's hand. Diaz screamed, handed Petitioner her keys and moved away from the truck. *People v. Ligon*, 847 N.E.2d 763, 767 (Ill.App. 4th Dist. 2006) (*People v. Ligon*). An eyewitness, Humberto Perez, also testified he that noticed a man talking very closely to a woman getting out of a red truck. When Perez got into his car, he heard a scream coming from the direction of the red truck. Perez drove over to Diaz, who told him that her truck had been stolen. Perez followed the red truck for several blocks but lost the truck when it ran a red light. *People v. Ligon*, 847 N.E.2d at 767. Several witnesses – Georgio Dawson, Tenita Barber, and Timako Cobb – testified that they saw the Petitioner driving a red Ford Truck. *People v. Ligon*, 847 N.E.2d at 767-67. Dawson, Barber, and Police Officer Eric Helson testified that the red Ford truck was stopped and searched by police officers. At the time, the car was parked; Petitioner had exited the truck and was then a half block from the truck. Dawson, Barber, and Officer Helson testified that Officer Helson recovered a BB gun in the truck. *People v. Ligon*, 847 N.E.2d at 767-68. No usable fingerprints were found on the BB gun. *People v. Ligon*, 847 N.E.2d at 768. The jury found Petitioner guilty of aggravated vehicular hijacking. Petitioner was sentenced to a term of natural life imprisonment. Petitioner is now serving his sentence in the custody of Respondent, Eddie Jones, the Warden of the Pontiac Correctional Center in Pontiac, Illinois.

Following his conviction, Petitioner filed an appeal. On direct appeal, Petitioner argued, *inter alia*, that: the State failed to prove beyond a reasonable doubt that he committed the offense

while armed with a dangerous weapon other than a firearm; there was a fatal variance between the indictment and the evidence produced at trial as to what weapon was used; trial counsel was ineffective for promising jurors that they would hear testimony from a witness, Dennis Compton, who counsel characterized as the real perpetrator of the crime, and then failing to produce that testimony; and he was deprived of a fair trial by the prosecutor's remarks during closing argument. (Pet. Br., *People v. Ligon*, No. 1-04-1389).

On March 20, 2006, the Illinois Appellate Court, Fourth District, affirmed his conviction and sentence. The court held that the jury could properly find that the BB gun was used as a dangerous weapon, and there was no variance between the indictment and the evidence produced at trial. *People v. Ligon*, 847 N.E.2d at 770-73. The court found that defense counsel's decision not to present Compton as a witness was a matter of trial strategy and did not constitute ineffective assistance. *People v. Ligon*, 847 N.E.2d at 773-75. Finally, the court found that the prosecutor's remarks in closing were not erroneous and did not deprive Petitioner of a fair trial. *People v. Ligon*, 847 N.E.2d at 776-78.

Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court, arguing that the appellate court should have adjudicated the ineffective-assistance claim on the merits, and reiterating the fatal variance claim. (PLA, *People v. Ligon*, No. 102568). The PLA did not argue the underlying merits of the Petitioner's ineffective-assistance-of-counsel claim.

On September 27, 2006, the Illinois Supreme Court denied the PLA. (Order Denying PLA, *People v. Ligon*, No. 102568).

On October 24, 2006, Petitioner filed the instant petition for writ of *habeas corpus*, raising the aforementioned four issues.

3

## LEGAL STANDARD

Under 28 U.S.C. § 2254(d), a writ of *habeas corpus* of a person in custody pursuant to a state-court judgment will only be granted if the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The state court's application of federal law must not be simply incorrect but objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000) (O'Connor, J., concurring). Under 28 U.S.C. § 2254(e)(1), a state court's factual determinations are "presumed to be correct"; and a petitioner has the burden of rebutting that presumption by showing that "the state court determined the underlying factual issue against the clear and convincing weight of the evidence." *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003).

With rare exception, a federal court may not grant *habeas* relief unless the state courts have had a full and fair opportunity to review the issue. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Bell v. Pierson*, 267 F.3d 544, 555 (7th Cir. 2001). Before reaching the merits, district courts should deny a petition whenever the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir., 2001). Procedural default may occur in several ways, including: (1) where the petitioner failed to present his claim in federal constitutional terms to the state

4

courts, *Baldwin v. Reese*, 541 U.S. 27, 32-33, 124 S. Ct. 1347 (2004); (2) where the petitioner may have pursued all the appeals required by state law but did not assert claims raised in the federal *habeas corpus* petition in the state-court system, *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497 (1977); or (3) when "a claim that could have been but was not brought before a state court can no longer be asserted in that forum," *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992).

## ANALYSIS

### *Procedural Default*

Here, Petitioner has exhausted his state-court remedies because he pursued both a direct appeal and a post-conviction petition. However, three of the Petitioner's claims here are procedurally defaulted because he failed to raise them with the Supreme Court of Illinois.

Petitioner's PLA to the Illinois Supreme Court only argued that the appellate court should have adjudicated the ineffective-assistance claim on the merits and that there was a fatal variance between the indictment and the evidence adduced at trial. "Fair presentment . . . requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) (*Lewis*). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis*, 390 F.3d 1025-26. A petitioner "who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026. Here, the Petitioner raises three claims that were not fully exhausted: (1) that the State of Illinois failed to prove beyond a reasonable doubt that

5

Petitioner committed the offense while armed with a dangerous weapon other than a firearm; (2) that Petitioner was denied his Sixth Amendment right to effective assistance of trial counsel; and (3) that the State of Illinois deprived the Petitioner of a fair trial.[1] Thus, these claims are procedurally defaulted.

The Court may review a procedurally defaulted claim where a petitioner establishes either: (1) "cause for his state-court default of any federal claim, and prejudice therefrom;" or (2) "a sufficient probability that [the Court's] failure to review his federal claim will result in a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Neither exception applies.

Appellate counsel's failure to raise the defaulted claims can, in some cases, amount to cause excusing the procedural default. "The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is 'both obvious and clearly stronger' than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient. *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir.2001); *Williams v. Parke*, 133 F.3d 971, 974 (7th Cir.1997)." *Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003). Here, Petitioner has not argued that he had ineffective assistance of appellate counsel, nor does Petitioner present evidence of prejudice.

---

[1] Petitioner asserts that the Supreme Court of Illinois denied the Petitioner the opportunity to present a written brief or oral argument. However, attached as Exhibit E to the Respondent's Answer is a lengthy written brief, outlining the grounds for the Petitioner's appeal that was presented to the Supreme Court by Petitioner's appellate counsel. (PLA, *People v. Ligon*, No. 102568).

The claims raised in this Section 2254 motion are not obviously stronger than those raised on his direct and post-conviction appeals. Thus, *habeas* relief is foreclosed to the Petitioner as to the defaulted claims.

Further, Petitioner has not claimed, and cannot show, that a failure to hear his defaulted claims would result in a "fundamental miscarriage of justice," *i.e.*, that a constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 325-27 (1995); *Mills v. Jordan*, 979 F.2d 1273, 1277 (7th Cir. 1992). Petitioner has not contested the underlying charge.

## *Merits*

Petitioner's fatal-variance claim, while properly before this Court, is not meritorious. Petitioner argues that there was a fatal variance between the indictment and the evidence adduced at trial. Specifically, he argues that the indictment for aggravated vehicular hijacking characterized the dangerous weapon used in the offense, a BB gun, as a bludgeon, while the trial evidence characterized the BB gun as a firearm. The state appellate court rejected this claim:

> At trial, the BB gun itself was admitted into evidence. . . . [T]he admission of the BB gun supported a finding beyond a reasonable doubt that defendant was armed with a dangerous weapon. No evidence was adduced, such as evidence that the BB gun was loaded or that it could cause bodily harm were it discharged by defendant, that would support a finding that the BB gun was a dangerous firearm.

*United States v. Ligon*, 847 N.E.2d at 772-73. The appellate court's holding was neither contrary to, nor an unreasonable application of, Supreme Court precedent. The state appellate court made factual and legal findings that the physical evidence supported the theory outlined in the indictment, of the BB gun as a bludgeon, rather than as a firearm. As such, the state appellate

7

court did not "revise the basis on which [Petitioner was] convicted simply because the same result would likely obtain on retrial." *Dunn v. United States*, 442 U.S. 100, 107 (1979) (*Dunn*). Petitioner has not met his burden of rebutting this decision. Nor has Petitioner convincingly argued that the appellate court's decision is contrary to, or an unreasonable application of, *Dunn*. While Petitioner reiterates the legal argument presented to the state appellate court on direct appeal, he makes no showing that the appellate court's decision was contrary to federal law, or an unreasonable application of the same. Thus, Petitioner has failed to meet the statutory requirements of §2254(d). *See* 28 U.S.C. § 2254 (d)(1); *see also Spreitzer v. Peters*, 114 F.3d 1435, 1442 (7th Cir. 1997) (a state court satisfies the reasonableness standard if its application is "at least minimally consistent with the facts and circumstances of the case").

## CONCLUSION

For the foregoing reasons, the Petition for Writ of *Habeas Corpus* is denied.

Dated: August 14, 2007

JOHN W. DARRAH
United States District Court Judge